Filed 3/10/21  P. v. Loza CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075804 |
| v. | (Super.Ct.No. FSB1305304) |
| TOMMY RAY LOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve C. Malone, Judge.  Affirmed.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Tommy Ray Loza, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying two potentially arguable issues: whether section 1170.95 relief is available to defendants convicted of voluntary manslaughter and whether section 1170.95 relief is available to defendants charged with murder under the provocative act doctrine. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant by first amended felony information with attempted premediated murder (§§ 664, 187, subd. (a), count 1), murder (§ 187, subd. (a), count 2), first degree residential robbery (§ 211, count 3), two counts of assault with a firearm (§ 245, subd. (a)(2), counts 4 & 5), dissuading a witness by force or threat, a serious felony (§§ 136.1, subd. (c)(1), 1192.7, subd. (c)(37), 186.22, subd. (b)(4)(C), count 6), and shooting at an inhabited dwelling (§ 246, count 7). In addition, the People alleged defendant had personally discharged a firearm causing great bodily injury in his commission of the offenses in counts 2, 3, and 7 (§ 12022.53, subd. (d)); had personally discharged a firearm in his commission of the offenses in counts 2, 3, and 7 (§ 12022.53, subd. (c)); had personally used a firearm in his commission of the offenses in counts 2, 3,

___

[1] All further statutory references are to the Penal Code.

2

4, 5, and 7 (§§ 12022.53, subd. (b), 12022.5, subds. (a), (d)); and had committed the offenses in counts 2, 3, 4, 5, and 7 in for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). It was further charged that a principal had personally discharged a firearm proximately causing great bodily injury in the commission of the offenses in counts 2, 3, and 7 (§ 12022.53, subds. (d), (e)(1)); had personally discharged a firearm in the commission of the offenses in counts 2, 3, and 7 (§ 12022.53, subds. (c), (e)(1)); and had personally used a firearm in the commission of the offenses in counts 2, 3, and 7 (§ 12022.53, subds. (b), (e)(1)). Additionally, it was alleged that defendant had suffered a serious or violent felony prior (§§ 1170.12, subds. (a)-(d), 667, subd. (b)-(i)) and had suffered a serious felony prior (§ 667, subd. (a)(1)).

On March 17, 2017, pursuant to a negotiated disposition, defendant pled guilty to added counts of voluntary manslaughter (§ 192, subd. (a), count 8) and active participation in a criminal street gang (§ 186.22, subd. (a), count 9). Defendant additionally admitted he had suffered a prior strike conviction. (§§ 1170.12, subds. (a)-(d), 667, subd. (a)(1).) In return, on the People's motion, the court dismissed the remaining counts and allegations. Pursuant to the plea agreement, the court sentenced defendant to 22 years of imprisonment.

On March 1, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The People filed opposition.

At the hearing on the petition on August 13, 2020, the People argued that defendant "cannot avail himself on the face of Penal Code section 1170.95 since that specifically deals with felony murder which was not the theory that we used in this case

3

and/or a natural and probable consequences theory. So he cannot avail himself." The court found that defendant was "not eligible for relief as required pursuant to section 1170.95 on the grounds that his conviction is not covered under Penal Code section 1170.95 for the reason that it was a provocative act theory of murder." The court denied the petition.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We recognize that one panel of this court recently held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."].) We respectfully disagree.

We agree with another panel of this court, which recently held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e

4

have the discretion to review the record in the interests of justice."].)  This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
               Acting P. J.

We concur:

MILLER
      J.

FIELDS
      J.